## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CITY OF SANTA FE, )
 )
Plaintiff, )
 )    Case No. _____
v. )
 )
PURDUE PHARMA L.P.; PURDUE PHARMA, )    Action Filed: July 9, 2019
INC.; THE PURDUE FREDERICK COMPANY; )    Action Served: October 31, 2019
PURDUE PHARMACEUTICALS L.P.; )
CEPHALON, INC.; TEVA )
PHARMACEUTICAL INDUSTRIES LTD; )
TEVA PHARMACEUTICALS USA, INC.; )
JOHNSON & JOHNSON; JANSSEN )
PHARMACEUTICALS, INC.; ORTHO- )
MCNEIL-JANSSEN PHARMACEUTICALS, )
INC. n/k/a JANSSEN PHARMACEUTICALS, )
INC.; JANSSEN PHARMACEUTICA, INC. )
n/k/a JANSSEN PHARMACEUTICALS, INC.; )
ENDO HEALTH SOLUTIONS INC.; ENDO )
PHARMACEUTICALS INC.; CARDINAL )
HEALTH INC.; ABBOTT LABORATORIES; )
KNOLL PHARMACEUTICAL COMPANY; )
ALLERGAN PLC f/k/a ACTAVIS PLC; )
ALLERGAN FINANCE LLC f/k/a ACTAVIS, )
INC. f/k/a WATSON PHARMACEUTICALS, )
INC.; ALLERGAN SALES LLC; ALLERGAN )
USA, INC.; WATSON LABORATORIES, INC.; )
WATSON PHARMA, INC.; ACTAVIS LLC; )
ACTAVIS PHARMA, INC. f/k/a ACTAVIS )
INC.; MCKESSON CORPORATION; )
MCKESSON MEDICAL SURGICAL INC.; )
CARDINAL HEALTH, INC.; CARDINAL )
HEALTH 110 LLC; CARDINAL HEALTH 200 )
LLC; CARDINAL HEALTH 414 LLC; )
AMERISOURCE BERGEN DRUG )
CORPORATION; MALLINCKRODT LLC; )
MALLINCKRODT PLC; MALLINCKRODT )
BRAND PHARMACEUTICALS; COVIDIEN )
PLC; SPECGX LLC; MCKESSON )
CORPORATION; ABBVIE, INC.; KNOLL )
PHARMACEUTCAL COMPANY; CVS )
HEALTH; WALGREENS BOOTS ALLIANCE )
INC. a/k/a WALGREEN CO.; WAL-MART )
STORES, INC.; JOHN BRAY-MORRIS, M.D.; )
and NICOLE RENEE BRODERSON, N.P., )

Defendants.                    )
_____ )

**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
<u>ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *City of Santa Fe v. Purdue Pharma L.P. et al.*, bearing case number D-101-CV-2019-01809, from the County of Santa Fe First Judicial District Court to the United States District Court for the District of New Mexico.  Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## INTRODUCTION

1.      This action is one of more than 2,000 related lawsuits filed against manufacturers and distributors of FDA-approved prescription opioid medications on behalf of state and local governments relating to alleged harms stemming from abuse of these medications.  On December 5, 2017, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for these actions, *i.e.*, cases in which plaintiffs allege that "manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians."  *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017).

2.      The allegations in these cases, and the defendants who are named, are largely identical.  The principal difference between the cases is a rotating cast of non-diverse defendants joined for the sole purpose of thwarting diversity jurisdiction in an effort to avoid (and undermine) the MDL.  That is the case here.

3.      Like its predecessors, this action names the usual major manufacturers and distributors of prescription opioid medications, as well as national pharmacies that fill opioid medical prescriptions.  Since none of these entities is a New Mexico citizen, Plaintiff has tacked on two unrelated non-diverse medical providers and accused them of criminal drug dealing by

prescribing opioid medications to consumers without any legitimate medical purpose.  But, as explained below, the citizenship of the non-diverse medical providers should be ignored because they are subject to severance under Rule 21 (because they are unnecessary and dispensable parties under Rule 19 as well as misjoined under Rule 20) and fraudulently misjoined.

4.      Though any motion to remand would be without merit, all remand questions should be resolved by the MDL court.  As numerous courts in similar opioid-related actions have recently recognized, judicial economy would be furthered if all removal questions were addressed by the MDL court following the transfer of this case to the MDL.  *E.g.*, *Bd. of Cty. Comm'rs of Seminole Cty. v. Purdue Pharma L.P.*, No. CIV-18-372-JWL, 2019 WL 1474397, at *2 (E.D. Okla. Apr. 3, 2019) ("[A] stay . . . allow[s] all pretrial matters in the instant case, including the remand motion, to be resolved in the MDL."); *City of Alexandria v. Purdue Pharma L.P. et al.*, No. 1:18-cv-01536-CMH-JFA (E.D. Va. Jan. 30, 2019), Dkt. 63 at 4 ("Having a single judge rule on the remand issues guarantees consistent rulings and prevents duplicative judicial efforts, promoting judicial efficiency."); *City of Galax v. Purdue Pharma, L.P.*, No. 7:18-cv-00617, 2019 WL 653010, at *4 (W.D. Va. Feb. 14, 2019) ("[B]oth judicial economy and consistency are served by allowing a single court—the Opiate MDL court—to address the jurisdictional issues."). But to the extent this Court addresses the removal question here, and as discussed more fully below, there is federal diversity jurisdiction over this case.

## BACKGROUND

5.      On July 9, 2019, Plaintiff filed the Complaint (attached hereto, with the process papers sent to Endo, as **Exhibit 1**) in the County of Santa Fe First Judicial District Court, in the State of New Mexico, against the following defendants:

      a.     "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company; Purdue Pharmaceuticals L.P.; Cephalon, Inc.; Teva Pharmaceutical Industries Ltd; Teva Pharmaceuticals USA, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Abbott Laboratories; Knoll Pharmaceutical Company; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. (incorrectly named "Actavis Pharma, Inc. f/k/a Actavis, Inc." in the Complaint); Actavis LLC; Actavis Pharma, Inc. f/k/a Actavis Inc.; Mallinckrodt LLC; Mallinckrodt plc; Mallinckrodt Brand Pharmaceuticals; Covidien plc; SpecGx LLC; and AbbVie, Inc.

      b.     "Distributor Defendants"— Cardinal Health, Inc.; McKesson Corporation; McKesson Medical Surgical Inc.; Cardinal Health 110 LLC; Cardinal Health 200 LLC; Cardinal Health 414 LLC; and Amerisource Bergen Drug Corporation.

      c.     "Pharmacy Defendants"— CVS Health; Walgreens Boots Alliance, Inc. ; and Walmart Inc.[1]

      d.     "Medical Provider Defendants" — John Bray-Morris, M.D. and Nicole Renee Broderson, N.P.

     6.     Like many cases previously removed to federal court and transferred to the MDL, the thrust of this Complaint is that the Manufacturer Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks and benefits of FDA-approved

---

[1] Plaintiff named Wal-Mart Stores, Inc. as a defendant in this action.  As of February 1, 2018, Wal-Mart Stores, Inc. became known as Walmart Inc.

prescription opioid medications. (Compl. ¶¶ 11, 60-182.) According to Plaintiff, the Manufacturer Defendants "cover[ed] up the risk of addiction and overstat[ed] the benefits of using opioids long-term" (*id.* ¶ 60) and "blanketed the medical community with [a] misleading and deceptive misinformation campaign to change the narrative regarding the appropriate use of opioid medications and increase their profits" (*id.* ¶ 62). All of the Manufacturer Defendants are citizens of states or foreign states other than New Mexico.

7.      As to the Distributor Defendants, Plaintiff alleges that they failed "to comply with their obligations to report and decline suspicious orders" (*id.* ¶ 248) and "violated their duties as licensed wholesale distributors by selling huge quantities of opioids that were diverted from their lawful, medical purpose" (*id.* ¶ 220). All of the Distributor Defendants are citizens of states other than New Mexico.

8.      As to the Pharmacy Defendants, Plaintiff alleges that they "incentivized employees with volume-based bonuses for filing prescriptions" for opioid medications (*id.* ¶ 49) and "ignored unresolvable red flags and filled prescriptions outside the usual course of practice and for other than legitimate medical purpose, leading directly to the diversion of millions of pills of" opioid medications (*id.* ¶ 3). All of the Pharmacy Defendants are citizens of states other than New Mexico.

9.      Plaintiff's allegations against the Medical Provider Defendants—a medical doctor and nurse practitioner—center on entirely different alleged conduct. Plaintiff alleges that the Medical Provider Defendants prescribed opioid medications "for illegitimate and illicit purposes . . . in derogation of [their] duties under New Mexico law." (*Id.* ¶¶ 50-51.) Plaintiff further alleges that Dr. Bray-Morris "voluntarily surrender[ed] his license to practice medicine . . . based upon his prescribing of dangerous opioid controlled substances in violation of New Mexico law." (*Id.* ¶

4.)  Plaintiff alleges that Renee Broderson "was convicted in 2017 of unlawfully dispensing dangerous controlled opioid substances." (*Id.*)  As a "direct consequence of the actions of the" Medical Provider Defendants, "the rampant use, overuse, and abuse of opioids has overwhelmed much of New Mexico, including the City [of Santa Fe] and its residents." (*Id.*)  Although their citizenship is not pleaded in the Complaint, the Medical Provider Defendants are the only Defendants in this action who may be citizens of New Mexico.

10.    The Complaint asserts four causes of action against "all Defendants" collectively, although each claim rests almost entirely on conduct involving the Manufacturer Defendants, Distributor Defendants, or Pharmacy Defendants, on the one hand, and the Medical Provider Defendants, on the other:  (1) public nuisance, (2) negligence and negligence per se, (3) gross negligence and punitive damages, (4) unjust enrichment. (*Id.* ¶¶ 348-363, 423-474.)  The Complaint also asserts three causes of action against the Manufacturer Defendants only: (1) violation of New Mexico's Racketeering Act (NMSA 1978, § 30-42-6(A), (2) fraudulent misrepresentation, and (3) negligent misrepresentation.  (*Id.* ¶¶ 364-422.)

11.    Endo received the Complaint through service on October 31, 2019.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings received by Endo is attached hereto as **Exhibit 1**.

## VENUE AND JURISDICTION

12.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 111, 1391, 1441(a), and 1446(a) because the County of Santa Fe First Judicial District Court, where the Complaint was filed, is a state court within the District of New Mexico.

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants;

(2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL DEFENDANTS EXCEPT THE MEDICAL PROVIDER DEFENDANTS

14.     There is complete diversity of citizenship here because Plaintiff is a New Mexico citizen and the Manufacturer Defendants, Distributor Defendants, and Pharmacy Defendants are citizens of states or foreign states other than New Mexico, *see* Part I.A *infra*, and the citizenship of the Medical Provider Defendants—the only non-diverse Defendants—should be ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*.  This is because the Medical Provider Defendants are subject to severance under Federal Rule of Civil Procedure 21 and the fraudulent *mis*joinder doctrine.

### A. Plaintiff Is Diverse from All Defendants Except the Medical Provider Defendants

#### 1. Plaintiff Is a New Mexico Citizen

15.     Plaintiff is a citizen of New Mexico for purposes of diversity jurisdiction.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973).

#### 2. None of the Manufacturer Defendants, Distributor Defendants, or Pharmacy Defendants Is a Citizen of New Mexico

16.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).  A limited liability company is a citizen of every state in which its members are citizens.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

17.     Applying these principles, none of the Manufacturer Defendants, Distributor Defendants, or Pharmacy Defendants is a citizen of New Mexico.

18.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (Compl. ¶ 32.)

19.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (*Id.*)

20.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners is a citizen of New Mexico.  (*See id.* ¶ 22.)  Its partners are citizens of New York, Connecticut, Delaware, Florida, the British Virgin Islands, and Jersey, Channel Islands.

21.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (*Id.*)

22.     Defendant The Purdue Frederick Company, Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (*Id.*)

23.     Defendant Purdue Pharmaceuticals L.P. is a limited partnership organized under the laws of Delaware, none of whose partners is a citizen of New Mexico.

24.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.  (*Id.* ¶ 24.)

25.     Defendant Teva Pharmaceutical Industries Ltd is an Israeli corporation with its principal place of business in Petah Tikva, Israel.  (*Id.*)

26.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.  (*Id.*)

27.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.  (*Id.* ¶ 26.)

28.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

29.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

30.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

31.     Defendant Abbott Laboratories is a corporation organized under the laws of Delaware with its principal place of business in Chicago, Illinois.

32.     Defendant Knoll Pharmaceutical Company is a New Jersey corporation with its principal place of business in Parsippany, New Jersey.

33.     Defendant Allergan plc f/k/a Actavis plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.

34.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.  Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey.

35.     Defendant Allergan Sales, LLC is a Delaware limited liability company.  Its two members are Allergan Holdco US, Inc. and Allergan Holdings, Inc., both Delaware corporations with their principal place of business in Irvine, California.

36.     Defendant Allergan USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Irvine, California.

37.     Defendant Watson Laboratories, Inc. is a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey.

38.     Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a corporation organized under the laws of Delaware corporation with its principal place of business in New Jersey.

39.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.  (*Id.*)  Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.  Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.  (*See id.*)

40.     Defendant Mallinckrodt LLC is a limited liability company organized under the laws of Delaware, none of whose members are citizens of New Mexico.  Mallinckrodt LLC's sole member is Mallinckrodt Enterprises LLC.  Mallinckrodt Enterprises LLC is a limited liability corporation organized under the laws of Delaware.  Mallinckrodt Enterprises LLC's members are Mallinckrodt Equinox Finance, Inc., a corporation organized under the laws of Delaware with its principal place of business in Missouri; Ludlow Corporation, a corporation organized under the laws of Massachusetts with its principal place of business in Missouri; and Mallinckrodt ARD Finance LLC.  Mallinckrodt ARD Finance LLC's sole member, Mallinckrodt Enterprise Holdings, Inc., is a corporation organized under the laws of California with its principal place of business in Missouri.

41.     Defendant Mallinckrodt plc is an Irish public limited company headquartered in Staines-Upon-Thames, Surrey, United Kingdom.

42.     Defendant Mallinckrodt Brand Pharmaceuticals is a corporation organized under the laws of Delaware with its principal place of business in Missouri.

43.     Defendant Covidien plc is a public limited corporation organized under the laws of Ireland with its principal place of business in Ireland.

44.     Defendant SpecGX LLC is a limited liability company organized under the laws of Delaware, none of whose members are citizens of New Mexico.  SpecGx LLC's sole member is Mallinckrodt LLC, whose citizenship is pleaded above.

45.     Defendant AbbVie, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Chicago, Illinois.

46.     Defendant Cardinal Health, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Dublin, Ohio.  (*Id.* ¶ 38.)

47.     Defendant McKesson Corporation is a corporation organized under the laws of Delaware with its principal place of business in Texas.

48.     Defendant McKesson Medical Surgical Inc. is a corporation organized under the laws of Virginia with its principal place of business in Virginia.

49.     Defendant Cardinal Health 110 LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Dublin, Ohio.  Its sole member is Cardinal Health, Inc., a corporation organized under the laws of Ohio with its principal place of business in Ohio.

50.     Defendant Cardinal Health 200 LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Dublin, Ohio.  Its sole member

is Allegiance Corporation, a corporation organized under the laws of Delaware with its principal

place of business in Ohio.

51.     Defendant Cardinal Health 414 LLC is a limited liability company organized

under the laws of Delaware with its principal place of business in Dublin, Ohio.  Its sole member

is Cardinal Health 100, Inc., a corporation organized under the laws of Delaware with its principal

place of business in Ohio.

52.     Defendant AmerisourceBergen Drug Corporation is a corporation organized under

the laws of Delaware with its principal place of business in Chesterbrook, Pennsylvania.  (*Id.* ¶

38.)

53.     Defendant CVS Health is a corporation organized under the laws of Delaware with

its principal place of business in Rhode Island.  (*Id.* ¶ 43.)

54.     Defendant Walgreens Boots Alliance, Inc. is a corporation organized under the

laws of Delaware with its principal place of business in Illinois.  (*Id.* ¶ 42.)

55.     Defendant Walmart Inc. is a corporation organized under the laws of Delaware

with its principal place of business in Arkansas.  (*Id.* ¶ 43.)

56.     Accordingly, all of the Manufacturer Defendants, Distributor Defendants, and

Pharmacy Defendants are citizens of states or foreign states other than New Mexico.

**B.     The Citizenship of the Medical Provider Defendants Should Be Ignored**

**1.     The Medical Provider Defendants Should Be Severed Under Rule 21**

57.     Even where the face of a complaint shows a lack of complete diversity, removal

based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse

defendants are severable under Federal Rule of Civil Procedure 21.  Defendants are severable

under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against

them are sufficiently distinct from claims against other defendants under Rule 20.  Here, the

Medical Provider Defendants should be severed on both grounds, each of which preserves

diversity jurisdiction as to the Manufacturer Defendants, Distributor Defendants, and Pharmacy

Defendants.

58.     "[I]t is well-settled that Rule 21 invests district courts with authority to allow a

dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction.]"

*Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (alterations in original)

(quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).  Courts in this

Circuit thus have held that "[w]hen a non-diverse defendant threatens to destroy federal

jurisdiction in a given case, the court can sever and dismiss that defendant without necessarily

dismissing the entire case."  *Brin v. ACI Motor Freight, Inc.*, No. 13-cv-02035-RBJ, 2014 WL

1664889, at *2 (D. Colo. Apr. 23, 2014) (citing Fed. R. Civ. P. 21); *Jones v. Masterson*, No. 17-

cv-00188-RBJ, 2017 WL 2532044, at *2-3 (D. Colo. June 12, 2017) (severing claims against non-

diverse, dispensable defendant, and denying plaintiff's remand motion as to claims asserted

against diverse defendant).

59.     In deciding remand motions, courts have repeatedly severed non-diverse

defendants under Rule 21 to perfect diversity jurisdiction over diverse defendants in analogous

circumstances.  *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), is

particularly instructive.  There, the plaintiffs, citizens of Louisiana, brought a products liability

action against the out-of-state manufacturer of the drug Heparin.  *Id.* at 870.  Before the case was

removed, the plaintiffs amended their complaint to add as defendants various non-diverse

healthcare providers, alleging that they engaged in "negligent acts and omissions in the

administration of Heparin." *Id.* at 871.  Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand as to the diverse manufacturer defendant.

60.     The court reasoned that the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]" because the medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer.  *Id.* at 872.  And, the court explained, the healthcare provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court."  *Id.* at 873.  Given the separate factual basis for plaintiffs' medical malpractice claims against the healthcare providers, the court found that it could "sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]."  *Id.* at 874.

61.     Numerous other courts have followed the same approach.  *See, e.g.*, *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705-07 (D. Md. 2015); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012).

62.     Under a straightforward application of Rule 21, this Court should sever the Medical Provider Defendants as unnecessary and dispensable to perfect diversity jurisdiction.  Alleged joint tortfeasors like the Medical Provider Defendants are unnecessary parties as a matter of settled law.  *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Brin*, 2014 WL 1664889, at *4 ("Because Mr. Stiefvater,

as a party with potential several liability arising out of this car accident, is not a required party

under . . . Rule 19 . . . [h]e is dismissed . . . in order to preserve diversity."); *Multimedia Games,*

*Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1142 (N.D. Okla. 2001) ("It is a well-

settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against

another party with similar liability.").

  63. Moreover, just like *Baxter* (and many other cases), in which the plaintiff's claims

against the diverse defendants and non-diverse defendants were factually distinct, here Plaintiff's

claims against the Manufacturer Defendants, Distributor Defendants, and Pharmacy Defendants

are distinct from those against the Medical Provider Defendants.  Specifically, Plaintiff alleges

that the Manufacturer Defendants misrepresented the risks of FDA-approved prescription opioid

medications in marketing and promoting the medications.  (Compl. ¶¶ 11, 60-182.)  Plaintiff

alleges that the Distributor Defendants failed to report and decline suspicious orders.  (*Id.* ¶ 248.)

And Plaintiff alleges that the Pharmacy Defendants ignored red flags in filling prescriptions.  (*Id.*

¶¶ 3, 49.)  By contrast, Plaintiff's allegations against the Medical Provider Defendants do not

relate to marketing or promotion of opioid medications, or to filling orders or prescriptions for

opioid medications.  Instead, Plaintiff alleges that the Medical Provider Defendants prescribed

opioid medications "for illegitimate and illicit purposes . . . in derogation of [their] duties under

New Mexico law"  (*id.* ¶¶ 50-51), for which they have surrendered their medical license or have

been convicted of unlawfully dispensing medication  (*id.* ¶ 4).  The lack of overlap between the

factual allegations against the Medical Provider Defendants and the remaining defendants renders

the Medical Provider Defendants unnecessary and dispensable under Rule 19.

  64. Beyond Rule 19, the claims against the Medical Provider Defendants are also

misjoined under Rule 20, which provides a distinct basis for severance.  Rule 21 permits

severance of claims against the Medical Provider Defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against the remaining defendants. Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a).") (citation omitted). Courts have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants arose from different transactions or occurrences.[2] Because of the distinct factual underpinnings of the claims against the different sets of defendants here, these claims cannot properly be joined together.

65.    Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio. Courts across the country have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction. *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *Sutton*, 251 F.R.D. at 505 ("Plaintiffs' claims against the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and

---

[2] *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502-05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6-7 (E.D. La. Sept. 10, 2014); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum."); *Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will benefit from the MDL process:  they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the diverse manufacturer]."); *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside.").

66.     As one court explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer defendant] to considerable prejudice. [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claim against [the manufacturer] in the MDL proceedings. For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]."  *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

67.     That Plaintiff asserts some causes of action against all Defendants collectively changes nothing.  Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants (alleged misrepresentations in promoting opioid medications), Distributor Defendants (alleged failure to report suspicious orders), and Pharmacy Defendants (alleged failure to halt suspicious prescriptions) is separate and distinct from the factual basis giving rise to Plaintiff's claims against the Medical Provider Defendants (alleged prescribing of medications without any legitimate medical purpose).  *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of

the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). If Plaintiff wants to pursue claims against the Medical Provider Defendants, Plaintiff has an "adequate remedy . . . in state court." *Baxter*, 614 F. Supp. 2d at 873.

## 2.    The Medical Provider Defendants Are Also Fraudulently Misjoined

68.    As an alternative to severance under Rule 21, the citizenship of the Medical Provider Defendants should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine. Fraudulent misjoinder, sometimes called procedural misjoinder, "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. Aug. 19, 2010) (internal quotation marks and citation omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

69.    This Court has "adopt[ed] the procedural misjoinder doctrine" in cases where, as here, "the allegedly procedurally misjoined nondiverse defendant is also a citizen of the state in which the plaintiff brought the state court action." *Flores-Duenas v. Briones*, No. CIV 13-0660 JB/CG, 2013 WL 6503537, at *24 (D.N.M. Dec. 1, 2013) (adopting procedural misjoinder doctrine but concluding that claims there were not misjoined). Moreover, in applying the procedural misjoinder doctrine, this Court has "reject[ed]" a standard that requires a showing of

egregious misjoinder and held that "the proper standard is simply whether the parties are improperly joined." *Id.* at *37; *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1235 (D.N.M. 2013) (accepting *Flores-Duenas* standard for procedural misjoinder but finding claims were not misjoined). As explained above, Plaintiff's claims against the Medical Provider Defendants arise from different transactions or occurrences than, and are thus misjoined with, the claims against the Manufacturer, Distributor, and Pharmacy Defendants.

70.   Notably, in opioid-related cases like this one, federal district courts recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017).

71.   Even if the Court finds that the Medical Provider Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

72.   In sum, because Plaintiff is a citizen of New Mexico, and because none of the properly joined Defendants is a citizen of New Mexico, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

73.   "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive

damages.  *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).

74.     As a result of the Manufacturer Defendants' alleged conduct, Plaintiff contends that it has incurred "extraordinary costs and losses" (Compl. ¶ 342) including "$212,000 . . . on opioid overdose patients" and "$23,755 on naloxone" (*id.* ¶ 362).  Plaintiff also alleges it has spent "$1,251,000 in Children Youth Commission and Human Services Committee funding . . . to provide opioid education, opiate use prevention services, and treatment for youth and adults, which expenditure has been necessitated by the actions of defendants."  (*Id.* ¶ 363.)  Plaintiff further alleges that it has spent $4.2 million on a police department program targeting those "who cause property crime offenses due to their opioid use."  (*Id.* ¶ 364.)  Plaintiff seeks "compensatory damages in an amount sufficient to . . . compensate for all damages," as well as treble and punitive damages.  (*Id.* Prayer for Relief ¶¶ e-g.)  Plaintiff also seeks disgorgement of Defendants' opioid-related revenues (*id.* Prayer for Relief ¶ h), which Plaintiff alleges total in the billions (*id.* ¶ 1).  It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.     This Notice of Removal Is Timely

75.     This Notice of Removal is timely filed.  Endo received the Complaint through service on October 31, 2019.  Because Endo filed the Notice of Removal on November 26, 2019, removal is timely.  *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

**B.**     **All Properly Joined And Served Defendants Consent to Removal**

76.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

77.     The following properly served Defendants consent to removal, as indicated by their signing below:  Cephalon, Inc.; Teva Pharmaceuticals USA, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis LLC; Mallinckrodt LLC; Mallinckrodt Brand Pharmaceuticals; SpecGx LLC; Cardinal Health, Inc.; McKesson Corporation; McKesson Medical Surgical Inc.; Cardinal Health 110 LLC; Cardinal Health 200 LLC; Cardinal Health 414 LLC; Amerisource Bergen Drug Corporation; CVS Health; Walgreens Boots Alliance, Inc.; and Walmart Inc.  The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses, including personal jurisdiction.

78.     The following Defendants have not been properly served, and thus their consent to removal is not required:  Abbott Laboratories; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.[3]; AbbVie, Inc.; Knoll Pharmaceutical Company; Mallinckrodt plc[4]; and Teva Pharmaceutical Industries Ltd.[5]  Nevertheless, they

---

[3] Allergan plc, an Irish corporation, and Allergan Finance, LLC dispute that they have been served but nevertheless consent to removal out of an abundance of caution and expressly reserve all rights and defenses including those related to personal jurisdiction and service of process.
[4] Mallinckrodt plc, an Irish public limited company, has not been served but nevertheless joins this removal out of an abundance of caution and expressly reserves all rights and defenses including those related to personal  jurisdiction and service of process.

consent to removal.  The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

79.     On information and belief, the following Defendants have not been properly served, and thus their consent to removal is not required: Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company; Purdue Pharmaceuticals L.P; and Covidien plc.

80.     The Medical Provider Defendants are not properly joined in this action, and thus their consent to removal is not required.

81.     By filing this Notice of Removal, neither Endo nor any other Defendant waives any defense that may be available to them and reserves all such defenses.  If any question arises as to the propriety of the removal to this Court, Endo requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

**CONCLUSION**

WHEREFORE, Endo hereby removes this action from the County of Santa Fe First Judicial District Court to the United States District Court for the District of New Mexico.

DATED: November 26, 2019

                                                          /s/ *John B. Pound*
                                                          John B. Pound (N.M. Bar No. 2101)
                                                          JOHN B. POUND LLC
                                                          505 Don Gaspar
                                                          Santa Fe, NM 87505
                                                          (505) 983-8060
                                                          jbpsfnm@gmail.com
                                                          John Lombardo*
                                                          ARNOLD & PORTER KAYE
                                                          SCHOLER LLP
                                                          777 S. Figueroa Street
                                                          44th Floor
                                                          Los Angeles, CA 90017

---

[5] Teva Pharmaceutical Industries Ltd. ("Teva Ltd") is a foreign company and it is not subject to personal jurisdiction in the United States.  Teva Ltd. expressly reserves all defenses, including those related to personal jurisdiction and service of process.

(213) 243-4000
John.Lombardo@arnoldporter.com

Attorneys for Defendants
ENDO PHARMACEUTICALS INC.
and ENDO HEALTH SOLUTIONS
INC.

*denotes national counsel who will
seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; and ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.:


*/s/ Eric M. Sommer*
Eric M. Sommer
SOMMER UDALL HARDWICK & JONES, P.A.
P.O. Box 1984
Santa Fe, NM 87504-1984
(505) 982-4676
ems@sommerudall.com

Nancy L. Patterson*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000
nancy.patterson@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL  33131-2339
(305) 415-3416
brian.ercole@morganlewis.com

*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON; JANSSEN
PHARMACEUTICALS, INC.; ORTHO-MCNEIL-
JANSSEN PHARMACEUTICALS, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC.; and
JANSSEN PHARMACEUTICA, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC.:

/s/ *Charles C. Lifland**
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com


*\* denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendants
MALLINCKRODT LLC, SPECGX LLC,
MALLINCKRODT BRAND
PHARMACEUTICALS INC.

By: /s/ *Meghan D. Stanford*
Meghan D. Stanford
JACKSON LOMAN STANFORD & DOWNEY,
P.C.
201 Third Street NW, Suite 1500
Albuquerque, New Mexico 87102
(505) 767-0577
Meghan@JacksonLomanLaw.com

Consent to removal on behalf of Defendants
ALLERGAN SALES, LLC and ALLERGAN USA,
INC.:

/s/ *Donna Welch, P.C.**
Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
donna.welch@kirkland.com
martin.roth@kirkland.com

timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
jennifer.levy@kirkland.com

*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
AMERISOURCEBERGEN DRUG
CORPORATION:

*/s/ Justin D. Rodriguez*
Douglas A. Baker
Justin D. Rodriguez
ATKINSON, BAKER & RODRIQUEZ, P.C.
201 Third St. NW, Suite 1850
Albuquerque, NM 87102
(505) 764-8111
dbaker@abrfirm.com
jrodriguez@abrfirm.com

Consent to removal on behalf of Defendants
CARDINAL HEALTH, INC., CARDINAL
HEALTH 110 LLC, CARDINAL HEALTH 200
LLC, CARDINAL HEALTH 414 LLC:

/s/ *Andrew G. Schultz*
Andrew G. Schultz
RODEY, DICKASON, SLOAN, AKIN & ROBB,
P.A.
P.O. Box 1888
Albuquerque, New Mexico 87103
(505) 765-5900
aschultz@rodey.com

Consent to removal on behalf of Defendants
MCKESSON CORPORATION and MCKESSON
MEDICAL SURGICAL INC.:

*/s/ Larry D. Maldegen*
Larry D. Maldegen
Michael J. Moffett
MALDEGEN, TEMPLEMAN & INDALL, LLP
1440 S. St. Francis Dr., Suite B

Santa Fe, NM 87505
(505) 982-4611
lmaldegen@cmtisantafe.com
mmoffett@cmtisantafe.com

Nathan Shafroth
COVINGTON & BURLING LLP
SalesForce Tower
415 Mission Street, 54th Floor
San Francisco, CA 94105
(415) 591-6000
nshafroth@cov.com

Consent to removal on behalf of Defendant CVS
HEALTH CORPORATION:

/s/ *Sean Olivas*
Sean Olivas
KELEHER & McLEOD, P.A.
201 Third Street NW, 12th Floor
Albuquerque, NM 87102
Telephone: (505) 346-4646
Facsimile: (505) 346-1370
so@keleher-law.com

Consent to removal on behalf of Defendant
WALGREENS BOOTS ALLIANCE, INC.:

/s/ *Mark T. Baker*
Mark T. Baker
PEIFER, HANSON & MULLINS, P.A.
Post Office Box 25245
Albuquerque, New Mexico 87125-5245
Tel:    (505) 247-4800
Fax:    (505) 243-6458
Email: mbaker@peiferlaw.com

Lester C. Houtz*
Alex J. Harris*
BARLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: 303.592.3100
Fax: 303.592.3140
les.houtz@bartlitbeck.com
alex.harris@bartlitbeck.com

*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
WALMART INC:

*/s/ H. Brook Laskey*
H. Brook Laskey
Harvey Fruman
MCCOY LEAVITT LASKEY LLC
317 Commercial St. NE, Suite 200
Albuquerque, NM 87102
(505) 246-0455
(262) 522-7020
blaskey@mlllaw.com
hfruman@mlllaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of November, 2019, a copy of the foregoing

was filed with the Clerk of Court through the CM/ECF system, which will send a notice of electronic

filing to all counsel of record.

| | |
|---|---|
| Pia Salazar<br>Patrick Sullivan<br>SALAZAR, SULLIVAN & JASIONOWSKI<br>100 Gold Avenue SW, Suite 201<br>Albuquerque, NM 87102<br><br>Matthew R. McCarley<br>FEARS NACHAWATI, PLLC<br>5473 Blair Road<br>Dallas, TX 75231<br><br>Matthew S. Daniel<br>FERRER POIROT & WANSBROUGH<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, TX 75219<br><br>*Counsel for Plaintiff* | Eric M. Sommer<br>SOMMER UDALL HARDWICK & JONES, P.A.<br>P.O. Box 1984<br>Santa Fe, NM 87504-1984<br><br>Nancy L. Patterson<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002<br><br>Steven A. Reed<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br><br>Brian M. Ercole<br>MORGAN, LEWIS & BOCKIUS LLP<br>200 S. Biscayne Blvd., Suite 5300<br>Miami, FL  33131-2339<br><br>*Counsel for Defendants Teva Pharmaceuticals USA, INC.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.* |
| | Charles C. Lifland<br>O'MELVENY & MYERS LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br><br>*Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.* |

| | |
|---|---|
| | Meghan D. Stanford<br>JACKSON LOMAN STANFORD & DOWNEY, P.C.<br>201 Third Street NW, Suite 1500<br>Albuquerque, NM 87102<br><br>*Counsel for Defendants Mallinckrodt LLC; SpecGX LLC; and Mallinckrodt Brand Pharmaceuticals Inc.* |
| | Donna Welch, P.C.<br>Martin L. Roth<br>Timothy Knapp<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br><br>Jennifer G. Levy, P.C.<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004<br><br>*Counsel for Defendants Allergan Sales, LLC; and Allergan USA, Inc.* |
| | Douglas A. Baker<br>Justin D. Rodriguez<br>ATKINSON, BAKER & RODRIQUEZ, P.C.<br>201 Third St. NW, Suite 1850<br>Albuquerque, NM 87102<br><br>*Counsel for Defendant AmerisourceBergen Drug Corporation* |
| | Andrew G. Schultz<br>RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.<br>P.O. Box 1888<br>Albuquerque, NM 87103<br><br>*Counsel for Defendants Cardinal Health, Inc.; Cardinal Health 110 LLC; Cardinal Health 200 LLC; and Cardinal Health 414 LLC* |
| | Larry D. Maldegen<br>Michael J. Moffett<br>MALDEGEN, TEMPLEMAN & INDALL, LLP<br>1440 S. St. Francis Dr., Suite B<br>Santa Fe, NM 87505<br><br>Nathan Shafroth<br>COVINGTON & BURLING LLP<br>SalesForce Tower<br>415 Mission Street, 54th Floor |

| | |
|---|---|
| | San Francisco, CA 94105<br><br>*Counsel for Defendants McKesson Corporation and McKesson Medical Surgical Inc.* |
| | Sean Olivas<br>KELEHER & McLEOD, P.A.<br>201 Third Street NW, 12th Floor<br>Albuquerque, NM 87102<br><br>*Counsel for Defendant CVS Health Corporation* |
| | Mark T. Baker<br>PEIFER, HANSON & MULLINS, P.A.<br>Post Office Box 25245<br>Albuquerque, NM 87125-5245<br><br>Lester C. Houtz<br>Alex J. Harris<br>BARLIT BECK LLP<br>1801 Wewatta Street, Suite 1200<br>Denver, CO 80202<br><br>*Counsel for Defendant Walgreens Boots Alliance, Inc.* |
| | H. Brook Laskey<br>Harvey Fruman<br>MCCOY LEAVITT LASKEY LLC<br>317 Commercial St. NE, Suite 200<br>Albuquerque, NM 87102<br><br>*Counsel for Defendant Walmart Inc.* |

The remaining parties are being served electronically.

Dated:  November 26, 2019

/s/ John B. Pound
John B. Pound
*Attorney for Defendants Endo Health Solutions Inc.
and Endo Pharmaceuticals Inc.*