IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITY OF SANTA FE,

    Plaintiff,

vs.                                                                  Civ. No. 19-1105 KG/JHR

PURDUE PHARMA L.P.,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER STAYING CASE

This matter comes before the Court upon Defendants' Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation (Motion to Stay), filed December 23, 2019. (Doc. 24). Plaintiff filed a response on January 6, 2020, and Defendants filed a reply on January 21, 2020. (Docs. 25 and 28). Having considered the Motion to Stay and the accompanying briefing, the Court grants the Motion to Stay.

*I. Procedural Background*

On December 5, 2017, the Judicial Panel on Multidistrict Litigation (JPML) created a Multidistrict Litigation (MDL) in the Northern District of Ohio for cases in which plaintiffs "allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (U.S. Jud. Pan. Mult. Lit. 2017).

On February 16, 2018, the MDL District Judge entered an Order Regarding Remands. (Doc. 14-1). The MDL District Judge clarified that the previously ordered moratorium on

substantive filings includes "all motions to remand." *Id.* at 2. The MDL District Judge ordered that after the Court lifts the moratorium, "the parties shall be allowed to file motions to remand without waiver of any rights or obligations related to timeliness…." *Id.*

On April 11, 2018, the MDL District Judge entered Case Management Order One. (Doc. 14-2). Among other things, the MDL District Judge stated that "the Court will adopt a procedure, based on input from the parties, to efficiently address the filing and briefing of motions for remand at an appropriate time in the MDL proceedings." *Id.* at 20.

On July 9, 2019, Plaintiff filed this action in state court alleging harms stemming from the abuse of prescription opioid medications. (Doc. 1-3). Plaintiff sued various manufacturers and distributers of those medications, pharmacies that sold the medications, and two medical providers who prescribed the medications. *Id.* On November 26, 2019, Defendants removed the case to federal court on the basis of diversity jurisdiction and alleged Plaintiff fraudulently joined the two medical providers to destroy diversity of citizenship. (Doc. 1).

On December 9, 2019, Plaintiff filed a Motion to Remand. (Doc. 14). The next day, the JPML conditionally transferred the action to the prescription opiate MDL. (Doc. 24) at 8. Plaintiff filed a notice with the JPML opposing the conditional transfer order. *Id.* On January 29, 2020, the parties completed briefing on the transfer issue. *Id.*

After the JPML conditionally transferred the case, Plaintiff also filed a Motion to Expedite the Motion to Remand. (Doc. 19). Defendants subsequently filed this Motion to Stay on December 23, 2019. (Doc. 24). Defendants seek a stay of this action, including a stay of the Motion to Remand, pending the transfer of the case to the MDL. Plaintiff opposes the Motion to Stay. The next JPML hearing is set for March 26, 2020. (Doc. 25) at 25.

*II. Discussion*

This Court, as well as other district courts, acknowledge that a district court may in its discretion stay proceedings pending an MDL transfer without first ruling on a pending motion to remand. *See, e.g., The Board of County Commissioners of Seminole County v. Purdue Pharma L.P.*, 2019 WL 1474397, *2 (E.D. Okla.) (ruling on motion to stay without ruling first on pending motion to remand); *Bustamante v. Volkswagen Grp. of Am., Inc.*, 2016 WL 3145029, at *1 (D. Kan.) (same); *Levy v. Volkswagen Akti Engesellschaft*, 2016 WL 8261798, at *2 (D.N.M.) (same); *Pace v. Merck & Co., Inc.*, 2005 WL 6125457 *1 (D.N.M.) (same). In fact, the district court's "power to stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Pace*, 2005 WL 6125457 at *1 (citation omitted). "When considering a motion to stay, a district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* (citation omitted).

In light of the MDL District Judge's moratorium on filing motions to remand, Plaintiff fears that the MDL court will indefinitely delay ruling on the pending Motion to Remand. Considering that the transfer issue is fully briefed and that the JPML meets in March, the Court finds that if the JPML does not transfer this action to the MDL, Plaintiff will suffer only a minimal delay until the Court can decide the Motion to Remand. If the JPML transfers the action to the MDL, the Court acknowledges that Plaintiff will endure some delay in obtaining a ruling on the Motion to Remand. However, the Court notes that, despite the moratorium, the

MDL District Judge is open to adopting an efficient procedure for addressing motions to remand. *See* (Doc. 14-2) at 20.

On the other hand, if the Court does not stay this action, Defendants risk obtaining a ruling that is inconsistent with the MDL District Judge's rulings on similar motions to remand in other MDL cases which Defendants are defending. As an Eastern District of Oklahoma district judge observed,

> This MDL has been created for the purpose of allowing for the most efficient litigation of the hundreds of similar cases while avoiding inconsistent rulings, and assuming the JPML deems this case fit for inclusion, a stay serves that purpose by allowing all pretrial matters in the instant case, including the remand motion, to be resolved in the MDL.

*The Board of County Commissioners of Seminole County*, 2019 WL 1474397 at *2. Defendants, therefore, would suffer "hardship and inequity" if the Court does not stay the action.

As to judicial economy, imposing a stay in this case would avoid potentially duplicative litigation. "A stay pending the Panel's decision can increase efficiency and consistency, particularly when the [potential] transferor court believes that a transfer order is likely and when [any] pending motions raise issues likely to be raised in other cases as well." Federal Judicial Center, *Manual for Complex Litigation* § 22.35 (4th ed. 2004). That is the case here. Accordingly, a stay of the action will conserve judicial resources.

Balancing the above factors, the Court finds that the benefits of a stay to Defendants and the conservation of judicial resources which will result from a stay outweigh any prejudice to Plaintiff. Consequently, the Court exercises its discretion to stay this action, including any decision on the Motion to Remand, pending the JPML's decision on whether to transfer this action to the prescription opiate MDL.

IT IS ORDERED that

1. Defendants' Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation (Doc. 24) is granted; and

2. this action is stayed in its entirety until the JPML issues a decision on whether to transfer this case to the National Prescription Opiate Litigation, MDL No. 2804.

_____
UNITED STATES DISTRICT JUDGE